# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2013

No. 12-20780
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

2004 FERRARI 360 MODENO

Defendant

EVENS CLAUDE, JOSETTE CLAUDE,

Claimants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4474

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Evens Claude and his mother Josette Claude appeal the district court's civil forfeiture order of a 2004 Ferrari 360 Modeno that was purchased by Evens. Evens was convicted of conspiracy and uttering counterfeit obligations and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20780

securities, in violation of 18 U.S.C. §§ 371 and 472. The district court found after a hearing that the Ferrari was used to transport the counterfeit money and was therefore subject to forfeiture pursuant to 49 U.S.C. § 80303. We affirm for the following reasons:

1. The Government established a "substantial connection between" the vehicle and Evens Claude's offense with circumstantial evidence that Evens transported the counterfeit money in the vehicle. *See* 18 U.S.C. § 983(c)(3), 49 U.S.C. § 80302(b). The record showed that Evens Claude was known to pass the same type of counterfeit bills in Philadelphia and that he traveled from Philadelphia to Houston. He then purchased the Ferrari and drove it, along with Steven Montrose, to the Galleria. Evens and Montrose were both found at the Galleria in possession of counterfeit bills. Evens had ninety-eight counterfeit $100 bills on his person, and Montrose had nine other counterfeit bills on him. A Secret Service agent testified that the video surveillance at the Galleria did not show Evens obtaining the counterfeit money there. It was not error for the district court to find, based on a preponderance of the evidence, that Evens transported the counterfeit money in the Ferrari. *See* 18 U.S.C. § 983(c)(1) ("[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.").

2. There is no merit to the argument that the Government lacked probable cause to seize the vehicle or that the complaint was not prepared by and based on personal knowledge of the case agent. The record shows that both Evens and Montrose told Secret Service agents that the two men drove to the Galleria in the Ferrari. The case agent signed a sworn statement averring to the facts. *See United States v. Melrose East Subdivision*, 357 F.3d 493, 505–07 (5th Cir. 2004) (examining probable cause based on the totality of circumstances and a common sense view).

No. 12-20780

3.  The district court did not err by holding that Josette Claude lacked standing to challenge the forfeiture of the vehicle, and that there was no bailment or joint venture under controlling Pennsylvania law.  Evens purchased the vehicle solely in his own name with a cashier's check showing only his name as remitter.  Evens was the only person listed as the buyer on the invoice, and the seller indicated by affidavit that Evens never mentioned his mother while purchasing the vehicle.  Nothing in the record suggests that at the time of sale Evens was purchasing the vehicle on behalf of his mother.  Moreover, nothing supports a claim that Josette ever possessed the vehicle, delivered it to Evens, or could exercise a right of mutual control over it.  *See, e.g., Smallich v. Westfall*, 269 A.2d 476, 480 (Pa. 1970) (a bailment requires possession and delivery of the personalty that is the subject of the bailment agreement); *Tax Review Bd. v. Lou Green, Inc.*, 187 A.2d 572, 574 (Pa. 1963) (joint venture requires a right of mutual control).  Although Josette allegedly provided money to Evens, which he used to purchase the Ferrari, at most this makes Josette an unsecured creditor and is insufficient to afford her standing.  *See* 18 U.S.C. § 983(d)(6); *United States v. $47,875.00 in U.S. Currency*, 746 F.2d 291, 293–94 (5th Cir. 1984).

4.  The forfeiture was not grossly disproportional to the offense and did not violate the Excessive Fines Clause.  Unlike *United States v. Bajakajian,* 524 U.S. 321, 118 S. Ct. 2028 (1998), the sole authority upon which the Claudes rely, the value of the Ferrari, for which Evens paid $61,000, did not exceed the maximum statutory fine for Evens' offenses ($250,000 for each count).  *Bajakajian* is therefore insufficient by itself as support for the claim that the forfeiture here was disproportional.  *See United States v. $78,882.00 in U.S. Currency*, 464 F. App'x 382, 384 (5th Cir. 2012).

AFFIRMED.